JEFFREY A. DOLLINGER - State Bar No. 146582
jdollinger@woollspeer.com
KATY A. NELSON - State Bar No. 173759
knelson@woollspeer.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone:   (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiff
INTEGON PREFERRED INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY, a North Carolina corporation,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES DEVONEY BROUGHTON, an individual,<br><br>Defendants. | Case No. 2:16-CV-09207-AB (ASx)<br><br>**EX PARTE APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

COMES NOW plaintiff Integon Preferred Insurance Company, through its attorney of record, and pursuant to Local Rule 7-19 and Rule 4(e)(1) of the Federal Rules of Civil Procedure, requests the issuance of an order directing that service of the summons in this action on defendant Mercedes Devoney Broughton be effected by publication of the summons in two newspapers of general circulation. This application is made on the grounds that plaintiff has stated a cause of action against the defendant, as shown by the complaint on file and the concurrently filed Declaration of Mary Gordon, and further on the grounds that defendant Mercedes Devoney Broughton is evading service and cannot with reasonable diligence be served in any other manner

specified in California Code of Civil Procedure sections 415.10 through 415.30.

Since defendant Mercedes Devoney Broughton is evading service and cannot be served, plaintiff has not notified defendants Mercedes Devoney Broughton of the filing of the instant application, nor is such notification required because defendant has not yet responded to the complaint. See Local Rule 7-19.1.

This application is based upon California Code of Civil Procedure section 415.50, the memorandum in support, and the concurrently filed declarations of Katy A. Nelson and Mary Gordon, and the files and records in this action.

DATED: March 6, 2017            Respectfully submitted,

WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation


 /s/  Katy A. Nelson_____
JEFFREY A. DOLLINGER
KATY A. NELSON
Attorneys for Plaintiff
INTEGON PREFERRED INSURANCE COMPANY

2

CASE NO. 2:16-CV-09207-AB-AS
EX PARTE APPLICATION FOR ORDER FOR PUBLICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

Integon is an insurance company. It issued Personal Auto Policy No. PCA386195, to defendant Mercedes Broughton (eff. 3/2/11-9/2/11), and subsequently renewed the policy (eff. 9/2/11-3/2/12) ("the Policy"). Complaint, ¶5; Declaration of Mary Gordon, ¶2. The Policy was issued to defendants Mercedes Broughton and renewed at the mailing address of 1008 S. Juanita Avenue, Redondo Beach, California. Complaint, ¶5. Integon's limit of liability under the Policy for bodily injury is $100,000 each person and $300,000 each accident. Complaint, ¶9; Gordon Decl., ¶2.

On April 24, 2012, a personal injury/wrongful death/survival action was filed in San Bernardino County Superior Court against defendants Mercedes Broughton arising from a July 6, 2011, automobile accident ("the Personal Injury Action"). Complaint, ¶6.

The Personal Injury Action proceeded to trial. A verdict was rendered and a judgment of $3,000,223.65 was filed against defendant Mercedes Broughton in the Personal Injury Action on April 8, 2016 ("Judgment"). Complaint, ¶11; Gordon Decl., ¶3. Integon had previously paid $100,000 to settle personal injury claims made by three plaintiffs in connection with the same accident. Complaint, ¶10; Gordon Decl., ¶4. On November 1, 2016, Integon paid its remaining limits of $200,000, in partial satisfaction of the Judgment. The Policy is now completely exhausted. Complaint, ¶12; Gordon Decl., ¶5.

Thus, an actual controversy has arisen and now exists between Integon and Broughton. Complaint, ¶¶15 and 19. Integon brought this action seeking declaratory relief as to its rights and obligations under the Policy with respect to the Underlying Action. *Id.*

Integon has been in contact with Broughton for several years now because it has been providing her with a defense in the Personal Injury Action. Gordon Decl., ¶6. In

a previous declaratory relief action filed by Integon against Mrs. Broughton brought in this court, which resulted in a default judgment, she evaded service and had to be served by publication. See Case 2:15-cv-01084-AB-AS, Dkt. 22, filed 05/28/15. For that reason, Integon immediately attempted to serve Mrs. Broughton by personal service rather than making any attempt to serve her by certified mail or by notice and acknowledgment of receipt. Declaration of Katy A. Nelson, ¶2 and 3.

On September 8, 2016, Integon was provided with a new address for Broughton, that is, 2509 Morrow Ridge Place in Laughlin, NV 89029-0020. Gordon, Decl., ¶7. Integon is confident that this address is Broughton's current residence. Gordon Decl., ¶7.

On January 13, 2017, Integon attempted to personally serve the summons and complaint in this action on Mrs. Broughton at her new address in in Laughlin, Nevada. There was no answer at the door. Nelson Decl., ¶4 and Ex. A. The process server, Deputy Constable Arnold Wetzstein, again attempted service at the Laughlin address on January 17, January 18 and January 20, 2017. Nelson Decl., ¶4 and Ex. A. During the last attempt, as the Deputy was walking back to his car, he heard the garage door open and saw a female pulling out of the garage. The Deputy motioned the subject to stop and when she saw the deputy, she sped the car pulling out of the driveway and drove away. Nelson Decl., ¶4 and Ex. A. Because the female ran away from the deputy as he was attempting to serve papers on her, it appears reasonably certain that Mrs. Broughton is again evading service.

Upon receipt of the Declaration of Due Diligence from Deputy Constable Wetzstein, plaintiff made one last attempt to effect service upon defendant pursuant to California Code of Civil Procedure section 415.40, by mailing the summons and complaint to her outside the state by certified mail with return receipt requested. That effort was to no avail, as defendant refused to accept the certified mail the USPS attempted to deliver on February 6, 2017. Nelson Decl., ¶5 and Exhibit B.

## II. ARGUMENT

Under Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected. F.R.C.P. 4(e)(1); *LSJ Inv. Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 322-323 (6th Cir. 1999). When a litigant does elect to pursue service under state law, the court will enforce compliance with the state law requirements. See *Calderon Serra v. Banco Santander Puerto Rico*, 747 F.3d 1, 8 (1st Cir. 2014).

Service by publication is permissible under California law in certain circumstances: "(a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that … (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code §415.50(a). Other California methods for service on individuals (other than for unlawful detainer) are:

- personal service to defendant or agent for service of process (Civ. Proc. Code §415.10);
- substitute service to someone else (at least 18 years old) at defendant's residence or place of business along with copy by mail to the same address (Civ. Proc. Code §415.20);
- mail service coupled with acknowledgement of service (Civ. Proc. Code §415.30); and
- service on persons outside the state by certified or registered mail with return receipt requested (Civ. Proc. Code §415.40).

"In determining whether a plaintiff has exercised reasonable diligence for purposes of §415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff 'took those steps a reasonable person who truly desired to

give notice would have taken under the circumstances.'" *Duarte v. Freeland*, C-05-2780 EMC, 2008 U.S. Dist. LEXIS 30800, 2008 WL 683427, at *1 (N.D. Cal. 2008) (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978)). The affidavit must establish reasonable diligence by "probative facts based on personal knowledge." *Olvera v. Olvera*, 232 Cal. App. 3d 32, 42 (1991).

"It is not actual ignorance that permits resort to service by publication, but the inability to accomplish personal service despite the exercise of reasonable diligence." *Olvera, supra*, 232 Cal. App. 3d at 42. Diligence is a relative term to be determined by the trial court based on the particular circumstances of each case. *Vorburg v. Vorburg*, 18 Cal.2d 794, 797 (1941) ("*Vorburg*").

In *Vorburg*, the California Supreme Court upheld a default judgment, made possible by service by publication, when the affidavit by plaintiff's counsel showed that counsel had unsuccessfully (1) examined both city directories and separate telephone directories, (2) contacted the local district attorney's office, and (3) spoken with the defendant's previous attorney, according to whom the defendant had left the state without notice of his new whereabouts. *Vorburg, supra*, 18 Cal. 2d at 795-97.

In *Trs. v. Armagost*, the United States Northern District Court ordered service by publication after plaintiff provided an affidavit demonstrating diligent efforts to effectuate personal service that included:

- attempted service of process at defendants' address, where the process server was advised by neighbors that defendants had moved several months prior;
- attempted service at defendant's parents' home, where the process server was advised that he did not live there; and
- retention of an investigator, who advised plaintiff that the only address he found for defendants was the same address where service had previously been attempted.

*Trs. v. Armagost,* 2013 U.S. Dist. LEXIS 79539, *8-9 (N.D. Cal. 2013).

If the court finds that a plaintiff has satisfied these requirements, "[t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served," and in accordance with California Government Code section 6064. Cal. Civ. Proc. Code §415.50(b).

> The publication of a notice shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day.

Cal. Gov. Code §6064.

A "newspaper of general circulation" is defined in California as "a newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers, and has been established, printed and published at regular intervals in the state, county, or city where publication, notice by publication, or official advertising is to be given or made for at least one year preceding the date of the publication, notice or advertisement." Cal. Gov. Code §6000.

The evidence demonstrates that Integon has made a diligent effort to effectuate personal service on defendant Broughton. It first attempted to effectuate personal service because of previous experience with this party in a prior lawsuit, at which time she evaded service. Nelson Decl., ¶¶ 2-3. After four attempts to serve the defendant at her home were unsuccessful, including one incident where a woman was seen leaving out the back door and driving away, plaintiff attempted to serve the defendant by certified mail pursuant to California Code of Civil Procedure section 415.40. Nelson

Decl, ¶¶ 4-5. This final attempt also failed. Nelson Decl., ¶ 5.

The evidence indicates that defendant does live at 2509 Morrow Ridge Place in Laughlin, as this is the address she gave to Integon so that Integon could communicate with her in connection with the insurance company's defense of Broughton in the Underlying Action. It appears defendant is evading service, as she refused to even speak to the Deputy Constable who came to her home.

Defendant owns or previously owned a second property in Redondo Beach, California, that was the subject of a lawsuit against her (plaintiffs in the Underlying Action were seeking assets to satisfy the judgment). Nelson Decl., ¶6. Therefore, Integon proposes service by publication in two newspapers of general circulation that are most likely to give actual notice to Broughton: Las Vegas Review-Journal and the Los Angeles Daily Journal. Those papers' circulation include Laughlin, Nevada, and Redondo Beach, California, respectively.

## III. **CONCLUSION**

For all of the reasons discussed above, Integon asks this Court to issue an order for service of summons and complaint by publication pursuant to California Code of Civil Procedure section 415.50.

DATED: March 6, 2017                     Respectfully submitted,

WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation


 /s/  Katy A. Nelson
JEFFREY A. DOLLINGER
KATY A. NELSON
Attorneys for Plaintiff
INTEGON PREFERRED INSURANCE COMPANY